| | |
|---|---|
| **From:** | Todt, Jonathan H. <Jonathan.Todt@dbr.com> |
| **Sent:** | Wednesday, December 30, 2015 5:26 PM |
| **To:** | Greene, Tom; Loughlin, Chuck; Pugh, Sean P.; 'rpratt@atg.state.il.us'; Caputo, Christopher |
| **Cc:** | McCann, Robert W; Vorrasi, Kenneth M.; Roach, Lee; Dahlquist, David E. (DDahlquist@winston.com); Pullos, Michael S. (MPullos@winston.com) |
| **Subject:** | FTC, et al. v. Advocate Health Care Network, et al.; Case No. 1:15-cv-11473 |
| **Attachments:** | Proposed Case Management Order.DOCX |

All,

Pursuant to Judge Alonso's December 22 order, attached is a proposed Case Management Order. We are happy to discuss once you've had a chance to review.

We also believe we ought to have a conference call tomorrow to discuss your proposed edits to the Protective Order. We do not agree with several of your proposed changes and think it would be more productive to discuss this over the phone rather than exchange further drafts. We are available to discuss at any time prior to 3 PM ET tomorrow.

Regards,

Jonathan H. Todt
**Drinker Biddle & Reath LLP**
1500 K Street, N.W.
Washington, DC 20005-1209
(202) 230-5823 *office*
(202) 842-8465 *fax*
(240) 490-1039 *mobile*
Jonathan.Todt@dbr.com
www.drinkerbiddle.com

*************************************
Drinker Biddle & Reath LLP is a Delaware limited liability partnership. The partner responsible for the firm's Princeton office is Jonathan I. Epstein, and the partner responsible for the firm's Florham Park office is Andrew B. Joseph.
*************************************
This message contains information which may be confidential and privileged. Unless you are the intended addressee (or authorized to receive for the intended addressee), you may not use, copy or disclose to anyone the message or any information contained in the message. If you have received the message in error, please advise the sender at Drinker Biddle & Reath LLP by reply e-mail and delete the message. Thank you very much.
*************************************

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| **FEDERAL TRADE COMMISSION,** <br><br> **and** <br><br> **STATE OF ILLINOIS** <br><br>     *Plaintiffs*, <br><br>     v. <br><br> **ADVOCATE HEALTH CARE NETWORK,** <br><br> **ADVOCATE HEALTH AND HOSPITALS CORP.,** <br><br> **and** <br><br> **NORTHSHORE UNIVERSITY HEALTHSYSTEM,** <br><br>     *Defendants*. | **Case No.: 1:15-cv-11473** <br> **Judge Jorge L. Alonso** <br> **Mag. Judge Jeffrey Cole** |

**[PROPOSED] CASE MANAGEMENT AND SCHEDULING ORDER**

In accordance with this Court's Minute Order [Dkt. 27] and Federal Rule of Civil Procedure 26(f), Defendants Advocate Health Care Network, Advocate Health and Hospitals Corp. (collectively "Advocate"), and NorthShore University HealthSystem ("NorthShore"), have met and conferred with Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the State of Illinois to develop the following schedule and discovery plan, subject to the Court's approval.

The following chart summarizes all relevant deadlines agreed upon by the parties:

| *Event* | *Proposed Date* |
|---|---|
| FTC Production of Complete Investigative File and All Materials Used in Support of Complaint | January 6, 2016 |
| Responsive Pleadings Due | January 11, 2016 |

| Rule 26(a)(1) Initial Disclosures | January 15, 2016 |
|---|---|
| Exchange of Preliminary Fact Witness Lists | January 15, 2016 |
| Deadline to Issue Written Discovery Requests | January 27, 2016 |
| Exchange of Plaintiffs' Expert Reports | February 26, 2016 |
| Close of Fact Discovery | February 26, 2016 |
| Exchange of Final Witness Lists | March 7, 2016 |
| Motion for Preliminary Injunction Due | March 7, 2016 |
| Exchange of Defendants' Expert Reports | March 11, 2016 |
| Exchange of Plaintiffs' Rebuttal Export Reports | March 18, 2016 |
| Final Exhibit Lists Due | March 21, 2016 |
| Opposition to Motion for Preliminary Injunction Due | March 24, 2016 |
| Exchange of Defendants' Rebuttal Export Reports | March 25, 2016 |
| Close of Expert Discovery | March 25, 2016 |
| Objections to Final Exhibit Lists Due | March 28, 2016 |
| Reply to Opposition to Motion for Preliminary Injunction Due | March 28, 2016 |
| Motions *in limine* Due | March 28, 2016 |
| Joint Pretrial Statement Due | March 30, 2016 |
| Final Pretrial Conference | March 31, 2016 |
| First Day of Hearing on Motion for Preliminary Injunction | April 6, 2016 |

A.  DISCOVERY

1. Fact Discovery. The parties may commence issuing discovery requests immediately. Fact discovery shall be completed by February 26, 2016. All discovery requests shall have re-

turn dates prior to the close of fact discovery. Deposition dates may be extended beyond the close of fact discovery only for good cause shown.

2. <u>Initial Disclosures</u>. The parties shall serve upon each other initial disclosures, as required by Federal Rule of Civil Procedure 26(a)(1), not later than January 15, 2016.

3. <u>Document Production</u>. The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff FTC in the course of the investigation of the merger of Advocate and NorthShore or by the parties as part of the administrative proceeding before the Federal Trade Commission, *In the Matter of Advocate Health Care Network, et al.*, Dkt. No. 9369.

4. <u>Expert Materials Not Subject to Discovery</u>. Expert disclosures and reports shall comply with Federal Rule of Civil Procedure 26(a)(2), except neither side must preserve nor disclose:

   a. Any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

   b. Any form of communication or work product shared between an expert(s) and persons assisting the expert(s); or

   c. Expert's notes; unless they reflect facts or assumptions relied upon by the expert in arriving at the opinions contained in the final expert report;

   d. Drafts of expert reports, analyses, or other work product; or

   e. Data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in Paragraph A.5(b) below.

3

5. <u>Disclosure of Expert Materials</u>. The parties shall disclose the following materials with all expert reports:

    a. All documents relied on by the testifying expert(s) by Bates number; and (except for those excluded above) copies of any other materials relied on by the testifying expert(s) that were not previously produced and are not readily available through public sources; and

    b. All data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files.

6. <u>Requests for Admission and Exhibits</u>. Each side shall be permitted to serve no more than thirty (30) requests for admission, subject to the following provisions:

    a. Requests for admission related solely to the authenticity of a document and admissibility of evidence shall not count against the limit of thirty (30) requests for admission.

    b. All documents produced by a Defendant or one of its related companies either in response to document requests in this litigation or in the course of the FTC's investigation of the proposed acquisition (FTC File No. 141-0231) are presumed to be authentic. The producing party may challenge the authenticity of a document for good cause shown.

    c. The parties shall serve responses to requests for admission no later than fourteen (14) days after the date of service.

7. <u>Interrogatories</u>. The parties shall be permitted to serve no more than thirty (30) interrogatories per side.

8. <u>Deadline to Issue Written Discovery to Parties</u>. The parties shall serve requests for admission, interrogatories, and document requests to parties by January 27, 2016, except that requests for admission related to the authenticity of a document or admissibility of evidence may be served no later than three (3) weeks prior to the preliminary injunction hearing.

9. <u>Service of Objections to Written Discovery</u>. The parties shall serve any objections to written discovery requests consistent with the requirements of the Federal Rules of Civil Procedure.

10. <u>Exchange of Third-Party Discovery Responses</u>. Each party shall provide the other side a copy of all discovery material received from a third party within two (2) business days of receipt of such third-party discovery material, including any declarations or affidavits obtained from any third party.

11. <u>Exchange of Lists of Fact Witnesses to Appear at Hearing</u>. The parties shall exchange preliminary party and third-party fact witness lists no later than January 15, 2016. Final party and third-party fact witness lists shall be exchanged no later than March 7, 2016, with a summary of the general topics of each witness's anticipated testimony. Unless solely for the purposes of rebuttal, additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of Court for good cause shown.

12. <u>Depositions</u>.

    a. There are no limits on the number of depositions that may be taken; provided, however, that each side may take no more than five (5) depositions of employees or former employees of the other side that are not listed on any parties' witness

    list. The parties shall consult with each other prior to noticing any deposition to coordinate the time and place of the deposition. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule. Deposition notices to party witnesses shall be served no later than fourteen (14) days from the date of the proposed deposition. Deposition notices to all other witnesses shall be served no later than seven (7) days from the date of the proposed deposition.

  b. All depositions shall be limited to a maximum of seven (7) hours on the record, except as provided in Paragraph A.12(d) below.

  c. For party witnesses, the Plaintiff(s) will have the opportunity to use seven (7) hours on the record for the deposition, except that those party witnesses of Defendants for whom the FTC conducted an investigational hearing shall be limited to three and one half (3.5) hours on the record.

  d. If a party serves a subpoena on a third party for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, the deposition date must be at least three business (3) days after the original return date for the document subpoena.

13. <u>Experts</u>.

  a. <u>Expert Reports</u>. The Plaintiffs shall issue its expert reports on February 26, 2016. The Defendants shall issue its export reports on March 11, 2016. The Plaintiffs shall issue any rebuttal expert reports by March 18, 2016. The Defendants shall issue any rebuttal expert reports by March 25, 2016. The parties need not disclose the identities of rebuttal experts until the date that rebuttal expert reports are due.

    b. <u>Expert Depositions</u>. Depositions of each side's experts may only be conducted after the disclosure of each expert's report. Expert depositions must be completed on or before March 25, 2016. Each expert deposition will be limited to a total of seven (7) hours, with all time allocated to the opposing party.

**B. BRIEFING SCHEDULE**

1. Plaintiffs' Motion for Preliminary Injunction shall be filed by March 7, 2016. Defendants' response to Plaintiffs' Motion for Preliminary Injunction shall be filed by March 24, 2016. The Plaintiffs' reply brief, if any, shall be filed by March 28, 2016.

2. For all other motions, with the exception of motions *in limine*, the parties shall have fourteen (14) days from service of an unredacted motion to file a responsive brief to any motion, and seven (7) days from service of an unredacted response to file a reply brief to any response.

**C. DATE AND LENGTH OF PRELIMINARY INJUNCTION**

1. The preliminary injunction hearing in this matter shall begin at 11:00 AM on April 6, 2016, and is expected to last eight (8) full trial days. Proposed findings of fact and conclusions of law will be due fourteen (14) days after the close of the hearing.

**D. OTHER MATTERS**

1. <u>Answer</u>. Defendants shall answer the Plaintiffs' Complaint for Temporary Restraining Order and Preliminary Injunction on or before January 11, 2016.

2. <u>Electronic Service</u>. Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail. In the event that any documents are too voluminous for electronic mail, the parties shall serve an electronic disk version of the papers on opposing counsel by hand delivery. The serving party will telephone or email the

other side's principal designee when the materials are sent to alert them that the materials are being served. Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules of Civil Procedure.

3. <u>Nationwide Service</u>. The Parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Federal Rule of Civil Procedure 45 and 15 U.S.C. § 23, to issue from this Court. The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil Procedure 32 and Federal Rule of Evidence 804 available for purposes of the use at trial of a deposition taken in this action.

4. <u>Privilege Logs</u>. The parties agree to suspend the obligation under Federal Rule of Civil Procedure 26(b)(5)(A) to produce a log of privileged materials withheld from discovery taken in this action. Notwithstanding the foregoing, the parties shall log materials that are: (1) authored by, addressed to, or received from any non-party (or include materials authored by, addressed to, or received from any non-party); or (2) internal to a party that are not authored by, addressed to, or received from the party's attorneys. The term "non-party" as used in this provision excludes testifying experts and their staff and counsel for Defendants. The parties shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

5. <u>Exhibit Lists</u>. The parties shall file final exhibit lists by March 21, 2016. Objections, if any, shall be filed by March 28, 2016.

6. <u>Modification of Scheduling and Case Management Order</u>. Any party may seek modification of this Order for good cause, except that discovery and expert disclosure deadlines also may be modified by the parties by agreement.

Dated: December 31, 2015 			Respectfully submitted,

_____
Robert W. McCann, Esq.
Kenneth M. Vorrasi, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W., Suite 1100
Washington, D.C. 20005
Phone: (202) 230-5149
Fax: (202) 842-8465
Robert.McCann@dbr.com
Kenneth.Vorrasi@dbr.com

*Counsel for Defendants Advocate Health Care Network and Advocate Health and Hospitals Corp.*

_____
David E. Dahlquist, Esq.
Michael S. Pullos, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Phone: (312) 558-5660
Fax: (312) 558-5700
DDahlquist@winston.com
MPullos@winston.com

*Counsel for Defendant NorthShore University HealthSystem*

9