| | |
|---|---|
| **From:** | Greene, Tom |
| **Sent:** | Monday, January 04, 2016 1:38 PM |
| **To:** | Vorrasi, Kenneth M.; Robertson, J. Robert (robby.robertson@hoganlovells.com); Oliver, Leigh L. (leigh.oliver@hoganlovells.com); McCann, Robert W; Roach, Lee; Todt, Jonathan H.; Dahlquist, David E. (DDahlquist@winston.com); Pullos, Michael S. (MPullos@winston.com) |
| **Cc:** | BC-Advocate |
| **Subject:** | Combined CMO draft + Schedule |
| **Attachments:** | Advocate_2016-01-04 DRAFT - Advocate-NorthShore Draft CMO.docx; Advocate_Draft PI CMO Schedule with Comparisons .xlsx |
| | |
| **Follow Up Flag:** | Follow up |
| **Flag Status:** | Flagged |

As promised, please find attached a combination of our respective CMO proposals, including areas of agreement from our last conversation. The spreadsheet summarizes our positions. We look forward to talking to you later today. Best, Tom

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>And<br><br>STATE OF ILLINOIS<br><br>      Plaintiffs,<br><br>    v.<br><br>ADVOCATE HEALTH CARE NETWORK,<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION,<br><br>And<br><br>NORTHSHORE UNIVERSITY HEALTHSYSTEM<br><br>      Defendants. | No. 15-cv-11473<br>Judge Jorge L. Alonso |

**COMBINED DRAFT**
**CASE MANAGEMENT AND SCHEDULING ORDERS WITH COMMENTARY**

Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the State of Illinois (collectively with FTC, "Plaintiffs") have met and conferred with Defendants Advocate Health Care Network, Advocate Health and Hospitals Corporation, and NorthShore University HealthSystem (collectively, "Defendants"). The parties jointly submit the following Proposed Case Management and Scheduling Order.

**I. Joint Proposed Scheduling Order**

A. <u>TEMPORARY RESTRAINING ORDER</u>: The court entered the Stipulation and Temporary Restraining Order on December 22, 2015.

B.  DISCOVERY

1.  Fact Discovery.  As ordered by the court on December 22, 2015, the parties have commenced issuing discovery.  Fact discovery shall be completed by February ~~16~~22, 2016.

    **Plaintiffs' Position: Defendants originally proposed February 26, 2016. Plaintiffs' propose as a compromise closing fact discovery on February 22, 2016.**

    **Defendants' Position:**

2.  Initial Disclosures.  Plaintiffs, by December 31, 2015, and Defendants, by January 15, 2016, will serve the other side with lists of people with knowledge and will make a good faith effort to produce copies of all documents in their possession that they may use to support their claims and defenses in this action, pursuant to Fed. R. Civ. P. 26(a)(1).  To the extent additional documents come to the parties' attention during discovery, they will supplement their disclosures promptly.

3.  Pre-Trial Discovery Conference.  The parties' prior consultations and submission of this stipulated Order relieve the parties of their duty under Fed. R. Civ. P. 26(f) to confer about scheduling and a discovery plan.

4.  Third-Party Discovery.  For any third-party subpoena, the parties will not request a return date sooner than seven calendar days after service.  The parties agree to produce all materials received pursuant to a third-party subpoena to the non-serving party in the format the materials were received within ~~48 hours~~two business days of knowing receipt, including any declarations or affidavits obtained from any third party.

    **Comment [CT1]:** Plaintiffs agree to adopt this language from Paragraph A.10 of Defendants' original proposal.

5.  Document Production.  The parties shall not be required to produce to each other in discovery in this case any documents previously produced by Defendants to Plaintiff

2

FTC in the course of the investigation of the ~~acquisition~~ merger of NorthShore University HealthSystem ~~by~~ and Advocate Health Care Network, FTC File No.141-0231, or by the parties as part of the administrative proceeding before the Federal Trade Commission, *In the Matter of Advocate Health Care Network, et al.*, Dkt. No. 9369.

6. Expert Materials Not Subject to Discovery. Expert disclosures and reports shall comply with Fed. R. Civ. P. 26(a)(2), except as modified herein:

   a) Neither side must preserve or disclose, including in expert deposition testimony, the following documents or materials:

      i. any form of communication or work product shared between any of the parties' counsel and their expert(s) or consultants, or between any of the experts themselves;

      ii. any form of communication or work product shared between an expert(s) and persons assisting the expert(s);

      iii. expert's notes; **[Plaintiffs' position: unless they constitute the only record of a fact or an assumption relied upon by the expert in formulating an opinion in this case] [Defendants' position: ]**; ~~or~~

      iv. drafts of expert reports, analyses, or other work product; or

      ~~iv.~~v. data formulations, data runs, data analyses, or any database-related operations not relied upon by the expert in the opinions contained in his or her final report, except as set forth in Paragraph A.6(b)(ii) below.

      **Comment [CT2]:** Adopted from Defendant proposal.

   b) The parties shall disclose the following materials with all expert reports:

      i. all documents relied on by the testifying expert(s) by Bates number;

3

   ii. all copies (except for those excluded above) of any materials relied on by the testifying expert(s) that were not previously produced and are not readily available through public sources; and

   iii. all data and programs underlying the expert's calculations for any calculation appearing in an expert report, including all programs and codes necessary to recreate the calculation from the initial ("raw") data files, **[Plaintiffs position: and any intermediate files]** **[Defendants' position: ]**.

7. <u>Requests for Admission and Exhibits.</u>  The parties shall be limited to serve <u>twenty-five</u> requests for admission per side, subject to the following provisions:

  a) Requests for Admission related <u>solely</u> to the authenticity of a document and admissibility of evidence shall not count against the limit of <u>twenty-five</u> Requests for Admission.  The parties will respond to requests regarding the authenticity and admissibility of documents no later than ~~ten~~ <u>fourteen</u> calendar days after the date of service.

> **Comment [CT3]:** Plaintiffs originally proposed twenty RFAs. Defendants originally proposed thirty RFAs. Plaintiffs understand Defendants agree to split the difference.

  b) **[Plaintiffs' position: It shall be presumed that a document produced from the files of a party is an authentic business record.  Any good faith objection to a document's status as a business record must be provided at the same time as other objections to intended trial exhibits.  If the opposing side serves a specific good faith written objection to the document's status as a business record, the parties will promptly meet and confer to attempt to resolve any objection.  If the objection is not resolved, the party seeking to introduce the exhibit shall have the opportunity to take discovery regarding the exhibit(s)**

4

> in question.  Any objections not resolved through this means or the discovery process will be resolved by the Court.] [Defendants' position:  .]

8. Interrogatories.  The parties shall be limited to serve ~~fifty~~ forty interrogatories per side seeking only factual information (i.e., no contention interrogatories).  The parties shall serve responses to the interrogatories no later than ten calendar days after the date of service.

   **Comment [CT4]:** Plaintiffs originally proposed fifty interrogatories per side.  Defendants originally proposed thirty interrogatories per side.  Plaintiffs understand that Defendants agree to split the difference.

9. Service of Objections to Written Discovery.  **[Plaintiffs' position: The parties shall serve any objections to written discovery requests within ten calendar days of service of the discovery requests to which objections are asserted.]  [Defendants' position:  ]**

10. Shortened Time for Responses.  Presumptively reasonable time for responses to demands under Fed. R. Civ. P 33 and 36 is reduced from thirty calendar days to seven calendar days.  Presumptively reasonable time for responses to demands under Fed. R. Civ. P 34 is reduced from thirty calendar days to fourteen calendar days.  Parties may seek relief from the Court from this provision for good cause shown.

11. Exchange of Lists of Fact Witnesses to Appear at Hearing.  The parties shall exchange preliminary party and third-party fact witness lists no later than 5:00 pm ET, on **[Plaintiffs' position:  January 20, 2016] [Defendants' position:  ]**.  Such preliminary party and non-party fact witness lists shall include a summary of the general topics of each witness's anticipated testimony.  The preliminary witness list shall include the name of the employer of each witness and a description of the responsibilities of any third party witness who has not yet been personally identified.  The parties will update their preliminary lists promptly as they add or delete

witnesses. Final party and non-party fact witness lists shall be exchanged on or before **[Plaintiffs' position: January 26, 2016] [Defendants' position: ]**, with a summary of the general topics of each witness's anticipated testimony, two courtesy copies of which shall be filed with chambers. **[Plaintiffs' position: The preliminary and final fact witness lists shall represent a good faith effort to identify the witnesses the producing party expects that it may present at the evidentiary hearing, other than solely for impeachment.]** Additional witnesses may be added to the final witness list after this date only by agreement of the parties or with leave of the Court for good cause shown.

12. Depositions.

    a)  The parties shall be limited to take thirty-five fact witness depositions per side; provided, however, that each side may take no more than five depositions of employees or former employees of the other side that are not listed on any parties' witness list. Plaintiffs or Defendants may apply to the court for leave to take additional depositions. The parties shall consult with each other prior to **[Plaintiffs' position: confirming] [Defendants' position: ]** any deposition to coordinate the time and place of the deposition. The parties may not serve a deposition notice to a party witness with fewer than ~~seven~~ fourteen calendar days' notice; the parties may not serve a deposition notice to a non-party witness with fewer than seven calendar days' notice. The parties shall use reasonable efforts to reduce the burden on witnesses noticed for depositions and to accommodate the witness's schedule.

> **Comment [CT5]:** Defendants originally proposed that the number of fact witness depositions be unlimited, with the a "no more than five depositions of employees or former employees" limitation. Plaintiffs understand Defendants are amenable to adopting the general limitation of thirty-five fact witnesses per side if Plaintiffs adopt Defendants' limitation on fact witness depositions of employees and former employees.

> **Comment [CT6]:** Plaintiffs agree to adopt notice timelines originally proposed by Defendants.

      b)      **[Plaintiffs' position: All depositions shall be limited to a maximum of seven hours on the record.] [Defendants' position: ]**

      c)      For any non-party deposition, the time for the deposition shall be allocated evenly between the two sides. Unused time in any party's allocation of deposition time shall not transfer to the other party. A party need not separately notice the deposition of a non-party noticed by an opposing party. For depositions of a party or a witness retained by a party, the opposing party shall be allocated the entire seven hours.

      d)      If a party serves a non-party subpoena for the production of documents or electronically stored information and a subpoena commanding attendance at a deposition, **[Plaintiffs' position: the deposition date must be at least seven calendar days after the non-party's compliance with the subpoena for the production of documents or electronically stored information.] [Defendants' position: ]**

13. Expert Reports.[1] **[Plaintiffs' position: Parties shall exchange expert reports on February 23, 2016. Parties will exchange any rebuttal reports on March 8, 2016.] [Defendants' position: ]**

14. Expert Depositions. **[Plaintiffs' position: Depositions of each side's experts may only be conducted after the disclosure of each expert's report. Expert depositions must be completed on or before March 22, 2016.] [ Defendants' position: ]**

---

[1] At the time of service of the expert reports, a party shall provide opposing counsel (i) a list of all commercially-available computer programs used by the expert in the preparation of the report; (ii) a copy of all data sets used by the expert, in native and processed data file formats; and (iii) all customized computer programs used by the expert in the preparation of the report or necessary to replicate the findings on which the expert report is based.

7

15. <u>Discovery Uses.</u>  All discovery taken in the above-captioned litigation can be used in connection with the Administrative Action and vice versa.

16. <u>Privilege Logs.</u>  The parties agree to suspend the obligation under Fed. R. Civ. P. 26(b)(5)(A), to produce a log of privileged materials withheld from discovery taken in this action (excluding the Defendants' productions made during the course of the FTC's pre-complaint investigation).  Notwithstanding the foregoing, the parties shall log withheld materials that are:  1) authored by, addressed to, or received from any non-party; or 2) internal to a party that are not authored by, sent to, or received from the party's attorneys.  For purposes of this paragraph, a "non-party" excludes a party's retained expert (and employees or associates of such expert) within the meaning of Fed. R. Civ. P. 26(b).  The parties shall maintain all documents responsive to a discovery request that are withheld pursuant to a claim of privilege or protection.

17. <u>Preservation of Privilege and Work Product.</u>  In accordance with Fed. R. Civ. P 16(b)(3)(iv) and Fed. R  Evid. 502(d), inadvertent production of documents or communications containing privileged information or attorney work product shall not be a basis for loss of privilege or work product protection of the inadvertently produced material, provided that the producing party notifies the receiving party within 72 hours of the inadvertent production.  When a party determines that is has inadvertently produced such material, it will promptly notify other parties, who will promptly delete the protected material from their document management systems. Within five business days of identifying inadvertently produced information or document(s), the party seeking claw-back of such materials shall provide a privilege log entry for the identified information or document(s).

18. <u>Pre-Hearing Disclosures.</u>  The parties shall exchange pre-hearing disclosures under Fed. R. Civ. P. 26(a)(3) not later than 20 days before the first day of any evidentiary hearing for a preliminary injunction, including witnesses and exhibits.  Parties shall have three business days after disclosure of exhibits to challenge the authenticity or admissibility under the hearsay rule of any documents or records; the burden to show that such materials are not reliable will be on the challenger.

19. <u>Conference with Court Required.</u>  In accordance with Fed. R. Civ. P. 16(b)(3)(v), Local Rule 37.2, and the Court's Case Management Procedures, parties shall meet and confer with one another and with the Court before filing any motion to compel discovery.

20. <u>[Plaintiffs' new proposal] Electronically Stored Information.  The parties agree as follows regarding the preservation and production of electronically stored information ("ESI")</u>

   a) <u>All Parties have set litigation holds to preserve ESI that may be relevant to the expected claims and defenses in this case.  In addition, the Parties have taken steps to assure that automatic deletion systems will not destroy any potentially relevant information.</u>

   b) <u>All Parties agree the use of Technology Assisted Review tools may assist in the efficient production of ESI.  However, in the event a Party does desire to use such technologies, it shall meet and confer with the other side and negotiate in good faith on the reasonable use of such technology.</u>

   c) <u>All Parties will request ESI in the form or forms that facilitate efficient review of ESI.  In general, Parties will likely request most ESI in one form and spreadsheets and PowerPoints in native format.</u>

~~20.~~21.  Notwithstanding any other provision herein, the parties may modify deadlines in paragraphs 1-~~19~~ 20 in this Order by agreement.

C. BRIEFING SCHEDULE

~~21.~~22.  **[Plaintiffs' position: Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction shall be filed by February 25, 2016. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction shall be filed by March 15, 2016. Plaintiffs' Reply Brief shall be filed by March 31, 2016.] [Defendants' position:  ]**

~~22.~~23.  **[Plaintiffs' position: Plaintiffs' Memorandum in Support of Plaintiffs' Motion for Preliminary Injunction shall not exceed 40 pages. Defendants' Memorandum in Opposition to Plaintiffs' Motion for Preliminary Injunction shall not exceed 40 pages. Plaintiffs' Reply Brief shall not exceed 25 pages.] [Defendants' position:  ]**

~~23.~~24.  For all other motions, with the exception of motions *in limine*, the parties shall have fourteen days from service of an unredacted motion to file a responsive brief to any motion, and seven days from service of an unredacted response to file a reply brief to any response.

> **Comment [CT7]:** Adopted from Defendants' original proposal on the briefing schedule.

D. PRELIMINARY INJUNCTION EVIDENTIARY HEARING

~~24.~~25.  **[Plaintiffs' position: The Court has scheduled an evidentiary hearing on Plaintiffs' motion for a preliminary injunction to begin on April 6, 2016, starting at 11:00 a.m. The evidentiary hearing will last for three days. Defendants and Plaintiffs shall split the time evenly, with cross-examination counting against the party conducting the cross-examination. The Court's chief clerk will provide the parties with a daily tally of the time consumed by each side. Should the Court**

10

**augment the time available for this proceeding, any additional time shall be divided equally between Plaintiffs and Defendants.] [Defendants' position:  ]**

~~25.~~26.  Use of Hearsay. In general, hearsay shall be admitted in the proceeding subject to the Court's determination of the weight to be accorded any document or information. Each party reserves the right to argue that a particular exhibit or statement is too untrustworthy or too unreliable to have evidentiary value.  However, the Court will admit over any hearsay objection any sworn affidavits or declarations from a percipient person and all expert reports written by a testifying expert.

E.  OTHER MATTERS

~~26.~~27.  Electronic Service.  Service of all correspondence and formal papers filed, whether under seal or otherwise, shall be by electronic mail.  In the event any correspondence or formal papers are too voluminous for electronic mail, the parties shall serve an electronic disk version on opposing counsel by hand.  The serving party will telephone the other side's principal designee when the materials are sent to alert them that the materials are being served.  Electronic delivery shall be treated the same as hand delivery for purposes of calculating response times under the Federal Rules. Service on Plaintiff FTC shall be deemed service on the Plaintiff State of Illinois. Plaintiff FTC shall provide copies to the Plaintiff State of Illinois of any correspondence or formal papers served by Defendants.

~~27.~~28.  Answer.  Defendants shall answer the complaint on or before January 11, 2016.

29. Nationwide Service.  The parties will be allowed nationwide service of discovery and trial subpoenas pursuant to Fed. R. Civ. P. 45 and 15 U.S.C. § 23, to issue from this Court.  The availability of nationwide service of process, however, does not make a witness who is otherwise "unavailable" for purposes of Federal Rule of Civil

11

Procedure 32 and Federal Rule of Evidence 804 available for purposes of the use at trial of a deposition taken in this action.

> **Comment [CT8]:** Adopted from Defendants' original proposal.

~~28.~~30. Modification of Scheduling and Case Management Order. Any party may seek modification of this Order for good cause, except that discovery and expert disclosure deadlines also may be modified by the parties by agreement.

> **Comment [CT9]:** Adopted from Defendants' original proposal.

12

<u>Schedule</u>

See attached.

*    *    *    *    *

Milici Exh. 3
Page 14 of 19

Dated: Respectfully Submitted,

/s/ _____
J. Thomas Greene, Esq.
Charles Loughlin, Esq.
Sean P. Pugh, Esq.
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-5196
Facsimile: (202) 326-2286
Email: tgreene2@ftc.gov
Email: cloughlin@ftc.gov
Email: spugh@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/ _____
Robert W. Pratt, Esq.
Blake Harrop, Esq.
Office of the Attorney
State of Illinois
100 West Randolph Street
Chicago, IL 60601
Telephone: (312) 814-3000
Facsimile: (312) 814-4209
Email: rpratt@atg.state.il.us
Email: bharrop@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

/s/ _____
Robert W. McCann, Esq.
Kenneth M. Vorrasi, Esq.
Drinker Biddle & Reath LLP
1500 K Street, NW
Washington, DC 20005
Telephone: (202) 842-8800
Email: Robert.McCann@dbr.com
Email: Kenneth.Vorrasi@dbr.com

14

/s/ _____
John R. Robertson, Esq.
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20001
Telephone: (202) 637-5774
Email: robby.robertson@hoganlovells.com

*Counsel for Defendants Advocate Health Care Network and Advocate Health and Hospitals Corporation*


/s/ _____
David E. Dahlquist, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5660
Email: Ddahlquist@winston.com

*Counsel for Defendant NorthShore University HealthSystem*

15

SO ORDERED

                                                                             _____
                                                                             Jorge L. Alonso
                                                                             United States District Court Judge

## NAMES OF PERSONS TO BE SERVED

J. Thomas Greene, Esq.
Charles Loughlin, Esq.
Sean P. Pugh, Esq.
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-5196
Facsimile: (202) 326-2286
Email: tgreene2@ftc.gov
Email: cloughlin@ftc.gov
Email: spugh@ftc.gov

James H. Davis, Esq.
Federal Trade Commission
55 West Monroe Street, Suite 1825
Chicago, IL 60603
Telephone: (312) 960-5634
Facsimile: (312) 960-5600
Email: jdavis@ftc.gov

*Counsel for Plaintiff*
*Federal Trade Commission*

Robert W. Pratt, Esq.
Chief, Antitrust Bureau
Office of the Attorney General
State of Illinois
100 West Randolph Street
Chicago, Illinois 60601
Telephone: (312) 814-3000
Facsimile: (312) 814-4209

*Counsel for Plaintiff State of Illinois*

Robert W. McCann, Esq.
Kenneth M. Vorrasi, Esq.
Drinker Biddle & Reath LLP
1500 K Street, N.W.
Washington, DC 20005
Telephone: (202) 842-8800
Email: Robert.McCann@dbr.com
Email: Kenneth.Vorrasi@dbr.com

John R. Robertson, Esq.
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20001
Telephone: (202) 637-5774
Email: robby.robertson@hoganlovells.com

*Counsel for Defendants Advocate Health Care Network and Advocate Health and Hospitals Corporation*

David E. Dahlquist, Esq.
Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5660
Email: Ddahlquist@winston.com

*Counsel for Defendant NorthShore University HealthSystem*

Milici Exh. 3
Page 18 of 19

| Event | Plaintiff Proposal | Defendant Proposal | Plaintiff Counter Proposal | Defendant Counter Proposal |
|---|---|---|---|---|
| Fact discovery begins | December 22, 2015 | Immediately | December 22, 2015 | |
| Plaintiffs complete initial disclosures | December 31, 2015 | January 15, 2016 | December 31, 2015 | |
| Defendants answer complaint | January 11, 2016 | January 11, 2016 | January 11, 2016 | |
| Defendants complete initial disclosures | January 15, 2016 | January 15, 2016 | January 15, 2016 | |
| Parties exchange preliminary fact witness lists | January 20, 2016 | January 15, 2016 | January 20, 2016 | |
| Parties exchange final fact witness lists | January 26, 2016 | March 7, 2016 | January 26, 2016 | |
| Deadline to Issue Written Discovery Requests | SILENT | January 27, 2016 | N/A | |
| Close of fact discovery | February 16, 2016 | February 26, 2016 | February 22, 2016 | |
| Parties exchange expert reports | February 16, 2016 | P - February 26, 2016<br>D - March 11, 2016 | February 23, 2016 | c |
| Plaintiffs' memorandum in support of preliminary injunction due | February 18, 2016 | March 7, 2016 | February 25, 2016 | |
| Parties exchange rebuttal expert reports | March 1, 2016 | P - March 18, 2016<br>D - March 25, 2016 | March 8, 2016 | |
| Defendants' memorandum in opposition to Plaintiffs' motion for preliminary injunction due | March 7, 2016 | March 24, 2016 | March 15, 2016 | |
| Expert depositions may begin | March 10, 2016 | NONE | March 15, 2016 | |
| Close of expert discovery | March 18, 2016 | March 25, 2016 | March 22, 2016 | |
| Parties exchange exhibit lists [and deposition designations] | March 18, 2016 | March 21, 2016 | March 24, 2016 | |
| Plaintiffs' reply brief in support of preliminary injunction due | March 21, 2016 | March 28, 2016 | March 31, 2016 | |
| Parties exchange objections to exhibits [and deposition designations] | March 24, 2016 | March 28, 2016 | March 30, 2016 | |
| Motions in limine due | SILENT | March 28, 2016 | March 28, 2016 | |
| Joint pretrial statement due | SILENT | March 30, 2016 | March 30, 2016 | |
| Final pre-hearing conference | TBD | March 31, 2016 | TBD | |
| Evidentiary hearing | April 6-8, 2016 | April 6, 2016 | April 6-8, 2016 | |
| Exchange of proposed findings of fact and conclusions of law | April 15, 2016 | 14 days after close of hearing | April 15, 2016 | |
| Closing arguments | April 22, 2016 | SILENT | April 22, 2016 | |