IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **FEDERAL TRADE COMMISSION** ) | |
| ) | |
| and ) | |
| ) | |
| **STATE OF ILLINOIS** ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| ) | |
| v. ) | Case No.: 1:15-cv-11473 |
| ) | Judge Jorge L. Alonso |
| **ADVOCATE HEALTH CARE NETWORK,** ) | Mag. Judge Jeffrey Cole |
| ) | |
| **ADVOCATE HEALTH AND HOSPITALS CORP.,** ) | |
| ) | |
| and ) | |
| ) | |
| **NORTHSHORE UNIVERSITY HEALTHSYSTEM,** ) | |
| ) | |
| Defendants. ) | |

### AMITA HEALTH'S MOTION TO INTERVENE

Alexian Brothers-AHS Midwest Region Health Co. d/b/a Amita Health ("Amita"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 24, respectfully moves to intervene in this case in anticipation of joining The University of Chicago Medical Center, Presence Health Network, Rush University Medical Center, and Northwestern Memorial HealthCare's (the "Third Parties") Motion (Docket No. 81) to Amend/Correct the Agreed Confidentiality Order (Docket No. 36) to prevent the disclosure of certain of Amita's most competitively sensitive documents and information to designated in-house representatives of Defendants, as is currently contemplated in the Agreed Confidentiality Order. Because Amita

satisfies the requirement for intervention under Rule 24(a) or, alternatively, Rule 24(b), this Court should allow them to intervene.

## INTRODUCTION

On December 21, 2015, the Federal Trade Commission ("FTC") and the State of Illinois filed a complaint against Defendants Advocate Health Care Network, Advocate Health and Hospitals Corp. (together, "Advocate") and NorthShore University HealthSystem ("NorthShore") seeking a temporary restraining order and preliminary injunction to enjoin the affiliation of Advocate and NorthShore (together, "Defendants") until the conclusion of an administrative proceeding to determine the legality of the transaction on the merits. Prior to filing its complaint, the FTC conducted a non-public investigation of the proposed affiliation. As part of its investigation, the FTC issued subpoenas and civil investigative demands ("CIDs") to Amita, which is a health system that is an actual or potential competitor of Defendants, seeking documents and information relevant to competition for healthcare services in the Chicago area, including, but not limited to: strategic plans; market and competitive assessments, analyses, studies, profiles, and forecasts; peer analyses; responses to requests for proposals; and pricing lists and reports. Amita responded to the subpoenas and CIDs and produced competitively sensitive documents and information to the FTC.

On January 8, 2016, this Court entered an Agreed Confidentiality Order (the "Confidentiality Order"). (*See* Docket No. 36). The Confidentiality Order allows the producing parties to designate material under a two-tier hierarchy of confidentiality: "Confidential" or "Highly Confidential." (Confidentiality Order ¶ 3). Material designated as "Confidential" can be shared with Defendants and employees of Defendants to the extent counsel determines in good faith that the employees' assistance is reasonably necessary to the conduct of the litigation in

which the information is disclosed. (Confidentiality Order ¶ 5(b)(3)). Information designated as "Highly Confidential" can be shared with one representative each of Advocate and NorthShore, subject to the Court's approval, if each such designee (a) completes a certification, acknowledgment, and agreement to be bound by the Confidentiality Order and (b) completes a declaration detailing their responsibilities at the Defendants' companies, confirming that they are not involved in "competitive decision-making" and that they will not share Highly Confidential information or relate the substance of it to anyone not approved by the Court. (Confidentiality Order ¶ 5(c)(3)). Advocate and NorthShore have designated, respectively, their Vice President/General Counsel for Transactions, and a President of a local competing hospital.

The Confidentiality Order defines "Highly Confidential Information" to encompass some categories of particularly competitively sensitive documents and information that Amita provided to the FTC, including: strategic plans; market and competitive assessments, analyses, studies, profiles, and forecasts; peer analyses; responses to requests for proposals; and pricing lists and reports. (Confidentiality Order ¶ 2(b)). Consistent with the relief requested in the Third Parties' motion to amend the Agreed Confidentiality Order, Amita intends to designate a subset from the following categories of "Highly Confidential" documents as "Outside Counsel Only": strategic plans; market and competitive assessments, analyses, studies, profiles, and forecasts; peer analyses; responses to requests for proposals; and pricing lists and reports.

Amita is concerned that this Court will approve the Defendants' designated representatives, who would then have immediate access to all Highly Confidential Information already produced to the FTC and provided to Defendants' outside counsel. In addition, Defendants' designated representatives would have access to any of Amita's Highly Confidential Information produced in the future in response to subpoenas issued to Amita by Defendants or

the FTC. Accordingly, Amita now moves to intervene in anticipation of joining the Third Parties in requesting amendment of the Confidentiality Order to create a third tier of confidentiality – "Outside Counsel Only" – consisting of a subset of specifically designated strategic plans, market and competitive assessments, analyses, studies, profiles, and forecasts, peer analyses, responses to requests for proposals, and pricing lists and reports.[1] This third tier of confidentiality protection would include some but not all of the documents designated as Highly Confidential Information. Amita seeks to intervene here for the same underlying reasons as the Third Parties, and restates the Third Parties' arguments below.

## ARGUMENT

**I.    AMITA IS ENTITLED TO INTERVENE AS A MATTER OF RIGHT**

Amita is entitled to intervene as a matter of right. *See* Fed. R. Civ. P. 24(a). Rule 24(a) provides:

> On timely motion, the court must permit anyone to intervene who: . . . (2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

Fed. R. Civ. P. 24(a)(2). "[E]very court of appeals to have considered the matter" has held that "Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." *Jessup v. Luther*, 227 F.3d 993, 997 (7th Cir. 2000). To succeed on their motion to intervene as of right, Amita needs only show that: "(1) their motions to intervene were timely; (2) they possess an interest related to the subject matter of the enforcement action; (3) disposition of the action threatens to impair that interest; and (4) the

---

[1] If the Court would find it useful in its analysis of this motion, Amita can make available, for the Court's *in camera* inspection, representative samples of the types of documents for which they seek "Outside Counsel Only" protection.

[parties] fail to represent adequately their interest." *U.S. v. BDO Seidman*, 337 F.3d 802, 808 (7th Cir. 2003). Amita satisfies all four requirements.

### A. The Third Parties' Motions Are Timely.

Amita's motion is timely. Prior to the entry of the Confidentiality Order, the terms of a temporary protective order limited access to Amita's competitively sensitive information to Defendants' outside counsel and consultants; therefore, the Defendants' employees themselves did not have access to the Amita's competitively sensitive information. Thus, the Amita's rights were not threatened until the Court entered the Confidentiality Order on January 8, 2016. Because the Confidentiality Order allows the Defendants' designated representatives access to Amita's competitively sensitive information as soon as this Court approves the designated representatives, and Amita must provide its confidentiality designations to the FTC on or about January 29, 2016, Amita is promptly seeking to intervene to protect its interests. Accordingly, Amita's motions are timely.

### B. Amita Possesses A Direct and Substantial Interest Related to the Subject Matter of the Enforcement Action.

Amita did not ask to be part of the FTC's investigation or subsequent lawsuit, or otherwise volunteer its participation. Rather, the FTC issued a subpoena and a CID to Amita, who produced a substantial number of its most competitively sensitive documents in response. These documents detail Amita's current, non-public business dealings in the Chicago area, as well as its future strategic plans for the provision of healthcare within Chicago. Because Amita is an actual or potential competitor of the Defendants, there is a significant risk that knowledge of such competitively sensitive information by any employee of the Defendants who is involved in any way in Defendants' healthcare operations in Chicago – even if they are not the final competitive-decision maker for their respective organization – will both competitively

disadvantage Amita and harm competition in Chicago. Knowledge of another Chicago-area health system's strategies or plans to develop a healthcare provider network, on its own or with other Chicago- area healthcare providers, would enable the Defendants to alter their conduct accordingly. Similarly, knowledge of Amita's current pricing terms with payors would enable Defendants to strategically respond in their future payor negotiations. The Defendants and Amita are not global food service companies who sell their products internationally or even nationally; healthcare is delivered locally, and Amita's strategic plans relate to defined local geographies and a limited universe of other healthcare facilities (including Defendants'), relationships and opportunities.

The Confidentiality Order's requirement that Defendants' designees must confirm that they will not share Highly Confidential Information is inadequate to protect Amita's interests with respect to their competitively sensitive information. Courts have recognized that "it is very difficult for the human mind to compartmentalize and selective[ly] suppress information once learned, no matter how well-intentioned the effort may be to do so." *FTC v. Exxon Corp.*, 636 F.2d 1336, 1350 (D.C. Cir. 1980) (cited by *McDavid Knee Guard, Inc. v. Nike USA, Inc.*, 2009 U.S. Dist. LEXIS 48193 at *15 (N.D. Ill. June 9, 2009) and *Doskocil Cos. v. C&F Packing Co.*, No. 89 C 600, 1989 U.S. Dist. LEXIS 14071, **4-5, 9 (N.D. Ill. Nov. 17, 1989)). Indeed, the Protective Order Governing Discovery Material entered by the Administrative Law Judge who will conduct the administrative proceeding and rule on the legality of the proposed affiliation does not allow any employee of Defendants to have access to documents or information designated as "confidential material" pursuant to that order. (See Protective Order Governing Discovery Material, entered in FTC Docket No. 9369, ¶¶ 1, 2, 3, 7, a copy of which is attached

as Exhibit A to the Third Parties Motion To Intervene (Docket No. 65)) Therefore, Amita possesses an interest related to the subject matter of this enforcement action.

### C. Disposition Of The Action Threatens To Impair Amita's Interest.

Amita seeks to intervene in this case for the limited purpose of requesting an amendment (either uncontested or contested) to the Confidentiality Order to create a third tier of confidentiality – "Outside Counsel Only" – consisting of a subset of specifically identified strategic plans, market and competitive assessments, analyses, studies, profiles, and forecasts, peer analyses, responses to requests for proposals, and pricing lists and reports.  Intervention is necessary because without the ability to seek to amend the Confidentiality Order, an employee of each Defendant will have access to the Amita's most competitively sensitive information and materials that were produced to the FTC, and any information, materials, or testimony that may be produced in the future in response to subpoenas issued by Defendants' or the FTC.  As actual and potential competitors of Amita, none of Defendants' employees should have access to these competitively sensitive materials, which are "[p]lainly, [the] type of information [that] could be used to [a party's] disadvantage if in the hands of others." *National Council on Compensation Ins., Inc. v. Am. Int'l Group, Inc.*, No 07 C 2898, 2007 WL 4365372, at *4 (N.D. Ill. Dec. 11, 2007).  This includes, in particular, both Defendants' executives and members of the Defendants' in-house legal teams who are involved in strategic opportunities for the Defendants.  *Ball Memorial Hosp., Inc. v. Mutual Hosp. Ins., Inc.*,784 F.2d 1325 (7th Cir. 1986) ("When counsel act as the negotiators, they become business agents of the Hospitals, and there is little difference between providing information to the president of a hospital and providing it to the hospital's lawyer-agent.").

Indeed, because of these concerns, many courts, including within this district, have denied motions to provide access to such competitively sensitive information to any employees of a party, and have instead restricted the disclosure of such information that "if disclosed to another parties' employees" might "have an adverse economic impact on the Producing Party. . . ." Protective Order at ¶ 2, *FTC v. OSF Healthcare Sys.*, No. 11-cv-50344 (N.D. Ill. Dec. 28, 2011) (a copy of the Protective Order is attached as Exhibit B to the Third Parties Motion To Intervene (Docket No. 65)); *see also Triangle Ink & Color Co., Inc. v. Sherwin-Williams Co.*, 61 F.R.D. 634 (N.D. Ill. 1974) (restricting disclosure of information containing defendant's trade secrets to plaintiff's trial attorneys); *Saint Alphonsus Med. Ctr., et al., v. St. Luke's Health System*, No. 1:12-cv-00560-BLW-REB (D. Id. January 10, 2013) (granting plaintiffs' request that the protective order prohibit in-house counsel from access to information in documents designated by an opposing party as "Attorney's Eyes Only" in a case challenging the merger of competing healthcare providers) (a copy of which is attached as Exhibit C to the Third Parties Motion To Intervene (Docket No. 65)). Only by intervening in this action can Amita adequately protect its interests and prevent the disclosure of its most competitively sensitive documents and information to the representatives of its competitors, Advocate and NorthShore.

### D. **The Existing Parties Fail To Represent Adequately Amita's Interest.**

The parties involved in this action are the FTC, Advocate, and NorthShore. As healthcare providers with which Amita does or could compete in the Chicago area, there is the obvious risk that Amita's competitively sensitive information could be used by Defendants to disadvantage Amita and competition more broadly. Accordingly, Advocate and NorthShore will not adequately represent Amita's interests in protecting their competitively sensitive information.

Nor is the FTC in a position to represent Amita's interests in this matter. Although the FTC may agree with the Amita that certain competitively sensitive information should not be disclosed to Defendants, the FTC's primary interest in this action is prevailing on its motion for a preliminary injunction to stay the consummation of the transaction pending the full administrative hearing, and then prevailing in the full administrative hearing on the legal merits of the transaction.

Like the Third Parties, Amita's interest, in contrast to the parties', is protecting its own competitively sensitive information from disclosure to Defendants where there is significant risk it could be misused, inadvertently if not intentionally, to disadvantage Amita and competition. Accordingly, Amita seeks to join the Third Parties as intervenors in this action to seek an amendment to the Confidentiality Order, otherwise there are no parties to represent Amita and the Third Parties' interests in keeping their most competitively sensitive information out of the hands of their actual or potential competitors, Advocate and NorthShore.

II. **AMITA MAY PERMISSIVELY INTERVENE FOR THE PURPOSE OF SEEKING AN AMENDMENT TO THE AGREED CONFIDENTIALITY ORDER**

Federal Rule of Civil Procedure 24(b) provides that: "[o]n timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b). Relying on that section of Rule 24, courts have held that "third parties may permissively intervene for the purpose of contesting protective orders." *In re Vitamins Antitrust Litigation*, No. MISC. 99-197, MDL 1285, 2001 WL 34088808, at *2 (D.D.C. Mar. 19, 2001); *see also Jessup*, 227 F.3d at 997 ("Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders.") Therefore, even if the Court determines that Amita is not entitled to intervene as a matter of right, which it should

not, Amita should be allowed to permissibly intervene in this action to request to amend the Confidentiality Order to create a third tier of confidentiality – "Outside Counsel Only" – consisting of a subset of specifically designated strategic plans, market and competitive assessments, analyses, studies, profiles, and forecasts; peer analyses, responses to requests for proposals, and pricing lists and reports.

### III. CONCLUSION

Amita satisfies the requirements for intervention under Rule 24(a) or, alternatively, Rule 24(b). This Court should enter an order allowing Amita to intervene in this case so it has an opportunity to protect its most competitively sensitive documents and information from disclosure to Defendants' employees, as is presently contemplated by the Confidentiality Order.

DATED: January 28, 2016    /s/ David B. Honig
David B. Honig, 62111-30
William E. Berlin, DC # 443613
HALL RENDER KILLIAN HEATH & LYMAN
1050 K Street, NW, Suite 315
Washington, DC 200001
Telephone: (202) 370-9582
Facsimile: (202) 638-0604
E-mail: dhonig@hallrender.com
wberlin@hallrender.com

*Attorneys for Amita Health*

## CERTIFICATE OF SERVICE

      I hereby certify that I caused a true and correct copy of the foregoing document to be sent to all counsel of record on January 28, 2016 by the Electronic Case Filing System of the Northern District of Illinois.

                                      /s/ David B. Honig
                                      David B .Honig