# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION ) <br> ) <br> and ) <br> ) <br> STATE OF ILLINOIS ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> ADVOCATE HEALTH CARE NETWORK, ) <br> ) <br> ADVOCATE HEALTH AND HOSPITALS ) <br> CORP., ) <br> ) <br> and ) <br> ) <br> NORTHSHORE UNIVERSITY ) <br> HEALTHSYSTEM, ) <br> ) <br> Defendants. ) | Case No.: 1:15-cv-11473 <br><br> Judge: Jorge L. Alonso <br><br> Magistrate Judge: Jeffrey Cole |

## THIRD PARTY AETNA, INC.'S AMENDED MOTION TO INTERVENE

Third party Aetna, Inc. ("Aetna"), by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 24 and Local Rule 5.6, submits this Amended Motion to Intervene and, in support thereof, states as follows:

1. This Amended Motion is filed pursuant to the request from the Courtroom Deputy to the Honorable Judge Alonso that Aetna refile its Third Party Aetna, Inc.'s Motion to Intervene and for Extension of Time filed on January 29, 2016 ("Motion") as separate motions for each relief requested. It also reflects that Aetna has completed the production of documents containing Highly Confidential Information as set out below.

2. On January 6, the parties jointly moved for entry of a stipulated protective order ("Proposed Order"). (ECF No. 34.) The motion indicated that the parties had some remaining

disagreements regarding the contents of the Proposed Order, but had agreed to a procedure whereby any document produced to the Federal Trade Commission ("FTC") during its investigation would be deemed Highly Confidential Information for twenty-one days. (Proposed Order at ¶ 3(a).) Any entity wishing to maintain documents as Highly Confidential past that time was required to notify the parties and apply a Highly Confidential designation to the documents within twenty-one days. (*Id.*) A comment to the Proposed Order indicated that the parties themselves recognized that twenty-one days was a "short window" for accomplishing this designation. (*Id.*)

3. Aetna was not a party to the negotiation of the Proposed Order and did not consent to the requirement of designation within twenty-one days.

4. On January 8, 2016, the Court entered an Agreed Confidentiality Order ("Order") adopting the procedure for previously produced documents set out in the parties' motion. (ECF No. 36 at ¶3(a).) The deadline for notifying the parties of documents containing Highly Confidential Information was therefore January 29, 2016.

5. During the FTC's investigation, in response to a subpoena, Aetna produced more than 15,000 documents as well as claims data to the FTC.

6. Upon receiving notice of the Order, Aetna began to review the documents it had produced to the FTC. The contents of the Order and the circumstances of Aetna's production required individual review of all the produced documents to ascertain whether they contained Highly Confidential Information, imposing a substantial burden in time and resources on a non-party.

7. Aetna has completed individual review of over 15,000 documents and identified more than 8,000 that must be designated as containing Highly Confidential Information. Despite

diligent efforts, however, the review of the documents left little time for the technical processing, marking, and production of the documents before the end of the twenty-one day deadline imposed by the Order.

8. Aetna anticipated that the production of the documents would be accomplished by the afternoon of January 29. Aetna has been able to provide the parties with a list of all documents designated Highly Confidential, but unanticipated technical difficulties have occurred with the result that the production of document images stamped "Highly Confidential – Subject to Protective Order" will not be complete in that time. Aetna resolved the technical difficulties and completed the production on February 1, 2016.

9. Accordingly, Aetna seeks to intervene in the above-captioned matter for the purposes of seeking an extension of time to designate documents containing Highly Confidential Information.

10. Aetna is entitled to intervene as a matter of right. Under Federal Rule of Civil Procedure 24(a):

> On timely motion, the court must permit anyone to intervene who:…(2) claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest.

FED. R. CIV. P. 24(a)(2). "[E]very court of appeals to have considered the matter" has held that "Rule 24 is sufficiently broad-gauged to support a request of intervention for the purposes of challenging confidentiality orders." *Jessup v. Luther,* 227 F.3d 993, 997 (7th Cir. 2000) (recognizing that lower standards for intervention may apply when a party seeks only to modify a protective order). Aetna is entitled to intervene as a matter of right because (1) its motion to intervene is timely; (2) it possesses an interest related to the subject matter of the enforcement action; (3) disposition of the action threatens to impair that interest; and (4) the parties fail to

represent adequately their interest. *See U.S. v. BDO Seidman,* 337 F.3d 802, 808 (7th Cir. 2003). Aetna's motion is timely in that its interest in the confidential treatment of its documents was not implicated until the entry of the January 8, 2016 Order. Aetna's intervention is necessary for it to seek an extension of time and through that ensure that its most competitively sensitive information is appropriately marked and treated as Highly Confidential by the parties. Its interest in appropriate confidential treatment of its documents will otherwise be impaired through action of the Order. None of the parties, whose interest is in prevailing in the matter, will adequately represent Aetna's interest in protecting its competitively sensitive information. Thus, Aetna is entitled to intervene as a matter of right.

11.  In the alternative, the Court should allow Aetna to permissively intervene to seek an extension of time to designate its documents containing Highly Confidential Information. "On timely motion, the court may permit anyone to intervene who: (A) is given a conditional right to intervene by a federal statute; or (B) has a claim or defense that shares with the main action a common question of law or fact." FED. R. CIV. P. 24(b). The Seventh Circuit has held that under Rule 24(b), "the court 'may permit anyone to intervene who . . . has a claim or defense that shares with the main action a common question of law or fact' . . . unless intervention would 'unduly delay or prejudice the adjudication of the original parties' rights.'" *City of Chicago v. Federal Emergency Management Agency,* 660 F.3d 980, 987 (7th Cir. 2011) (stating "Rule 24(b) is just about economy in litigation"). "[E]very circuit court that has considered the question has come to the conclusion that nonparties may permissively intervene for the purpose of challenging confidentiality orders." *E.E.O.C. v. Nat'l Children's Ctr.*, 146 F.3d 1042, 1045 (D.C. Cir. 1998). Though the Court should allow Aetna to intervene as a matter of right, it may

also permit Aetna to intervene under Rule 24(b) to seek an extension of time to designate documents containing Highly Confidential Information.

12. As set out above, Aetna is entitled to intervene as of right or, in the alternative, with the Court's permission for the purposes of filing a motion for extension of time.

WHEREFORE, Aetna, Inc. prays that this Court enter an order allowing it to intervene in this case.

Dated: February 1, 2016

Respectfully submitted,

AETNA, INC.

By: /s/ Benjamin J. Christenson
Its Attorney

Benjamin J. Christenson
MCGUIREWOODS LLP
77 West Wacker Drive, Suite 4100
Chicago, Illinois 60601
P: (312) 849-8100
F: (312) 849-3690
bchristenson@mcguirewoods.com

**CERTIFICATE OF SERVICE**

      I hereby certify that on February 1, 2016, I electronically filed THIRD PARTY AETNA, INC.'S AMENDED MOTION TO INTERVENE with the Clerk of the Court using the CM/ECF system, which will send notification and service of such filing to all registered counsel of record.

                                                /s/ Benjamin J. Christenson
                                                Benjamin J. Christenson