IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION )<br>)<br>and )<br>)<br>STATE OF ILLINOIS )<br>)<br>Plaintiffs, )<br>)<br>)<br>v. )<br>)<br>ADVOCATE HEALTH CARE NETWORK, )<br>)<br>ADVOCATE HEALTH AND HOSPITALS CORP., )<br>)<br>and )<br>)<br>NORTHSHORE UNIVERSITY HEALTHSYSTEM, )<br>)<br>Defendants. ) | Case No.: 1:15-cv-11473<br>Judge Jorge L. Alonso<br>Mag. Judge Jeffrey Cole |

**AMITA HEALTH'S COMBINED MOTION TO AMEND THE AGREED CONFIDENTIALITY ORDER AND OPPOSITION TO DEFENDANT'S MOTION TO ORDER APPROVING DESIGNATION OF REPRESENTATIVES FOR ACCESS TO HIGHLY CONFIDENTIAL INFORMATION**

Alexian Brothers-AHS Midwest Region Health Co. d/b/a Amita Health ("Amita") by its undersigned counsel and pursuant to Federal Rule of Civil Procedure 26(c), respectfully moves to amend the Agreed Confidentiality Order (Docket No. 36) to preclude disclosure of documents specifically identified by Amita as "Highly Confidential – Outside Counsel Only" to any of Defendants' employees, including their currently-designated representatives under Paragraph 5(c)(3) of the Agreed Confidentiality Order ("Confidentiality Order"). The current Confidentiality Order does not adequately protect Amita's most competitively sensitive

information which, if disclosed to Defendants' designees or other employees, who are involved in competitive decision-making, would cause serious and irreparable harm to Amita and, even more significantly, could harm competition generally. In contrast, Amita's proposal for amending the Confidentiality Order effectively and sufficiently balances Amita's need to protect its most competitively sensitive information, which includes all such information already produced by Amita to the FTC and produced in the future in response to Defendants' subpoenas for documents and testimony, with the Defendants' interests in having access to this information to pursue their defenses in this preliminary injunction hearing. Moreover, amending the Confidentiality Order as requested will fully and finally resolve this issue regardless of who the Defendants designate now or later under the Confidentiality Order, without the need for further intervention by the Court.

      For the reasons stated below and in Third Party Intervenors, The University of Chicago Medical Center ("UCMC"), Presence Health Network ("Presence Health"), Rush University Medical Center ("RUMC"), and Northwestern Memorial HealthCare ("NMHC") (collectively, the "Third Parties") Motion to Amend the Agreed Confidentiality Order (Docket No. 81), which Amita hereby adopts and incorporates in its entirety, Amita respectfully requests that the Court amend the Agreed Protective Order to include an additional "Highly Confidential – Outside Counsel Only" designation. Alternatively, Amita respectfully requests that the Court deny Defendants' Motion for an order to approve their designees for access to Highly Confidential Information.

## BACKGROUND AND REQUEST FOR RELIEF

Defendants Advocate Health Care Network, Advocate Health and Hospitals Corp. (together, "Advocate") and NorthShore University HealthSystem ("NorthShore") are health care providers and actual or potential competitors to Amita.

In the course of the Federal Trade Commission's ("FTCs") and State of Illinois' investigations into the proposed affiliation of Advocate and NorthShore (together, "Defendants"), Amita produced competitively sensitive documents and information relating to competition for healthcare services in the Chicago market, including its current strategic and marketing plans, payor contracts and negotiation files (including pricing information), physician inventory, and capital expansion plans, to the FTC in response to a civil investigative demand ("CID") and subpoena duces tecum issued to Amita. On December 31, 2015, the FTC provided to the Defendants' outside counsel all of the documents and information Amita produced to the FTC during its investigation. On January 22, 2016, Defendants served subpoenas for documents and testimony seeking a very broad range of information from Amita, including and *in addition to* those categories of information produced to the FTC. Both the previously produced and currently requested information is plainly the type of information that could be used to Amita's disadvantage, and to the detriment of the competitive process, if placed in the hands of Amita's competitors, including Defendants' employees with competitive decision-making responsibilities and input. On January 29, 2016, pursuant to Paragraph 3(a) of the Confidentiality Order, Amita designated the documents previously produced to the FTC as "Highly Confidential – Outside Counsel Only" pending the Court's resolution of Amita and other third-party discovery recipients' motions to amend the confidentiality order.

Previously, on January 8, 2016, this Court entered the Confidentiality Order at issue here, which allows the producing parties to designate material under a two-tier hierarchy of confidentiality: "Confidential" or "Highly Confidential," and provides that one designee from each of Defendants could have access to a producing party's "Highly Confidential Information," upon approval by the Court. (Confidentiality Order ¶ 5(c)(3)). On January 22, 2016, the Third Parties filed a Motion to Intervene with this Court, identifying the specific categories of information that they proposed to designate as "Outside Counsel Only" in order to preclude disclosure to Defendants' employee-designees.

On January 25, 2016, Defendants moved to request that the Court approve their proposed designees to receive Highly Confidential Information under Paragraph 5(c)(3) of the Confidentiality Order. Although the terms of the *current* Agreed Confidentiality Order require that neither of the Defendant designees have any involvement in "competitive decision-making," Defendant Advocate moved to designate Eric Tower, Advocate's Vice President, Associate General Counsel – Transactions. Defendant NorthShore moved to designate Sean O'Grady, President, Glenbrook Hospital at NorthShore. Both designees, according to each individual's own public biography, have precisely these prohibited responsibilities, as detailed in the Third Parties' Motion to Amend the Agreed Confidentiality Order (Docket No. 81) and the FTC's Memorandum in Opposition to Defendants' Motion for Order Approving the Designation of Representatives for Access to Highly Confidential Information (Docket No. 83). In brief, Mr. Tower has worked at Advocate for over 10 years. In his current position, Mr. Tower's responsibilities include the "development of strategy, and negotiation and drafting of all primary documents." Over the course of his career at Advocate, Mr. Tower has served as "[l]ead counsel to a variety of complex transactions, including mergers, affiliations, asset purchases, joint

ventures, and other transactions with hospitals and physicians groups." Mr. O'Grady has worked at NorthShore for approximately 9 years. In his current position, Mr. O'Grady's "is responsible for operations, management, strategic planning and program development." His "[s]pecialties" include "strategic and business planning." On January 27, 2016, the FTC filed its opposition to Defendants' proposed designees.

On January 28, 2016, Amita filed a Motion to Intervene in anticipation of filing the instant motion to protect its competitively-sensitive information, which this Court granted on February 2, 2016.[1] Similarly, motions to intervene in order to seek amendment of the Confidentiality Order or otherwise protect their competitively-sensitive documents and information have been filed by Aetna, Inc., Northwest Community Healthcare, and Swedish Covenant Hospital. Amita is concerned that if the Court approves the Defendants' designated representatives, they then will have immediate access to all Highly Confidential Information already produced to the FTC and provided to Defendants' outside counsel. In addition, Defendants' designated representatives would have access to any of Amita's Highly Confidential Information produced in the future in response to the subpoenas for documents and testimony already issued to Amita by Defendants or the FTC.

Thus, Amita's instant motion and the requested relief is necessary and timely because Defendants' designees (who were not identified until January 25, 2016) will not only have access to Amita's competitively-sensitive information previously produced to the FTC and already provided to Defendants' outside counsel, they also will be able to access any such information that Amita will produce, or that its representative will discuss in his or her testimony, going

---

[1] Amita has identified and designated a subset of "Highly Confidential" documents that it proposes to designate as "Highly Confidential-Outside Counsel Only" pending the Court's ruling on this and the related motions. If this Court would find it useful, Amita will provide, for the Court's *in camera* inspection, those documents that Amita has designated as "Highly Confidential – Outside Counsel Only."

forward in response to Defendants' pending subpoenas for documents and testimony (that were not issued and served on Amita until January 22, 2016). This information is even more current, and as a result, even more competitively-sensitive than that previously produced to the FTC. As a result, the requested amendment is as, if not more, necessary to protect Amita's competitively-sensitive information prospectively. Similarly, Defendants have served more than 40 subpoenas to third parties for documents and deposition testimony, so this concern is highly likely to extend to all of those parties as well.

Amita has demonstrated a strong need to amend the Confidentiality Order to protect its current and most highly competitively-sensitive confidential information. There is a significant risk that any employee of Defendants, including its current but also any different, future designee, would directly or inadvertently disclose, or inadvertently use, Amita's competitively-sensitive information. It is simply impossible for a person to firewall or compartmentalize such information in their own mind when making decisions or interacting with others. In contrast, Amita's and the Third Parties' proposed amendment to the Confidentiality Order would have no impact on the Defendants' ability to pursue their defenses in this litigation. The proposed amendment to the Confidentiality Order simply provides that a subset of Amita's Highly Confidential documents will not be disclosed to any employees of Defendants; however, these documents will still be available to Defendants' outside counsel and experts for their use in pursuing their defenses in this case. Moreover, the proposed amendment to the Confidentiality Order would do nothing to prohibit Defendants' internal employees and in-house counsel from assisting outside counsel in defending this litigation; it merely precludes Defendants' employees from gaining access to competitively sensitive information that could harm Amita or provide the

Defendants with an unfair competitive advantage. Defendants have identified no specific reason why their designees need access to this information.

Due to the highly competitively-sensitive nature of Amita's "Highly Confidential – Outside Counsel Only" documents and for the reasons and arguments stated above, and in the Third Parties' Motion to Amend the Agreed Confidentiality Order (Docket No. 81), which Amita adopts and incorporates in full, its disclosure to *any* employee of Defendants (other than outside counsel), but in particular to Mr. Tower and Mr. O'Grady, will cause Amita serious and irreparable harm. Accordingly, Amita has shown good cause under Rule 26(c) to amend the Confidentiality Order to preclude the disclosure of the documents designated by Amita as "Highly Confidential – Outside Counsel Only" to any designees of Defendants other than outside counsel. Amending the Confidentiality Order as requested will fully and finally resolve this issue regardless of who the Defendants designate now or later under the Confidentiality Order, without the need for further intervention by the Court; however, alternatively, Amita respectfully requests that the Court deny Defendants' Motion for an order to approve their currently-identified designees for access to Highly Confidential Information.

DATED: February 4, 2016
/s/ *David B. Honig*
David B. Honig, 62111-30
William E. Berlin, DC # 443613
HALL RENDER KILLIAN HEATH & LYMAN
1050 K Street, NW, Suite 315
Washington, DC 200001
Telephone: (202) 370-9582
Facsimile: (202) 638-0604
E-mail: dhonig@hallrender.com
wberlin@hallrender.com

*Attorneys for Amita Health*

## STATEMENT REGARDING MEET AND CONFER

Pursuant to Local Rule 37.2, Amita's counsel, William E. Berlin spoke telephonically with Defendants' counsel William A. Roach on February 4, 2016 in a good faith attempt to resolve this discovery dispute.  At that time, counsel for Defendants informed counsel for Amita that they intend to oppose this Motion.

                                        */s/  William E. Berlin*
                                        William E. Berlin

**CERTIFICATE OF SERVICE**

    I hereby certify that I caused a true and correct copy of the foregoing document to be sent to all counsel of record on February 4, 2016 by the Electronic Case Filing System of the Northern District of Illinois.

                                          */s/ David B. Honig*
                                          David B .Honig