**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>STATE OF ILLINOIS<br><br>       *Plaintiffs*,<br><br>  v.<br><br>ADVOCATE HEALTH CARE NETWORK,<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION,<br><br>   and<br><br>NORTHSHORE UNIVERSITY HEALTHSYSTEM<br><br>       *Defendants*. | **Case No. 15-cv-11473**<br>**Judge Jorge L. Alonso**<br>**Mag. Judge Jeffrey Cole** |

**JOINT PRE-HEARING STIPULATION**

Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the State of Illinois (collectively with FTC, "Plaintiffs") have met and conferred with Defendants Advocate Health Care Network, Advocate Health and Hospitals Corporation, and NorthShore University HealthSystem (collectively, "Defendants"). The parties jointly submit the following Joint Pre-Hearing Stipulation.

  A. <u>Hearing Time</u>. The parties will split a total of 34½ hearing hours equally, *i.e.*, up to 17¼ hours for each side. To the extent one side does not use its full 17¼ hours of allotted time, the remaining time will not transfer to the other side. The hearing will run from April 11-15, April 18, and April 20, or other such dates as determined by the Court. [**Parties' Position**: Given the adjustment in the Court's schedule for the

hearing, the parties calculate that they may have up to 34½ hearing hours available, instead of 32½. The parties will still split the time equally, *i.e.*, up to 17¼ hours for each side. The parties request additional guidance if this is inconsistent with the Court's order.][1]

1. Opening Statement. Each side is permitted no more than 45 minutes for opening statements. Time used for opening statements shall not count against the party presenting the opening statement. Opening statements will be presented on April 11 at 1 p.m. before the first witness is called.

2. Closing Argument. At the conclusion of the presentation of evidence, the Court will inform the parties of the date for closing arguments. Closing argument will take place after the parties' submission of proposed findings of fact and conclusions of law. Each side is permitted no more than 1½ hours for closing argument. Closing argument will not count against the time available for the evidentiary hearing.

B. <u>Final Pretrial Order</u>. The parties agree and propose the following modifications to the Northern District of Illinois form Final Pretrial Order for the preliminary injunction hearing:

1. Paragraph 2(c)(2): The parties shall disclose direct examination demonstrative exhibits and/or slide decks, if any, to opposing counsel by 9:00 pm CDT two calendar days prior to the hearing day when such demonstratives and/or slide decks are intended to be displayed or presented to the Court. Demonstrative exhibits and slide decks will not be submitted with the pre-

---

[1] Bracketed positions are positions on which the parties could not mutually agree or otherwise seek guidance from the Court.

hearing order. After this disclosure, the proponent of the demonstrative exhibit and/or slide deck can make deletions and/or non-substantive changes (*e.g.*, re-shuffling the order of slides in a slide deck) without notice. Any substantive edits (*e.g.*, additions or changes to the content of demonstratives or slides) after the disclosure are presumptively not permitted absent good cause shown and either agreement from the opposing party or leave from the court. Proposed substantive edits should be brought to the attention of the opposing party and the Court immediately.

2. Paragraph 2(e): As the expert reports already provide information setting forth the qualifications of each expert witness, this paragraph is stricken.

3. Paragraph 2(f): The parties will provide deposition designations per the proposed process below as directed by the Court's March 15, 2016 Order (ECF 186).

4. Paragraph 2.1(k): The parties have previously submitted a motion for preliminary injunction and opposition which detail the contested issues of fact and law, and Plaintiffs submitted a reply brief on April 1, 2016. As a result, the parties propose striking this paragraph.

5. Paragraph 2.1(m): The parties will submit proposed findings of fact and conclusions of law in accordance with the timeline identified in Paragraph 26 of the Joint Stipulated Case Management Order (ECF 39).[2] The parties will file a proposed findings of fact and conclusions of law and post-hearing brief that combined shall be limited to 105 pages. Any brief shall not exceed 45 pages.

---

[2] Post-hearing submissions shall comport with LR5.2(c).

C. Adverse Witnesses. Pursuant to the Court's instruction on March 17, Defendants will be permitted to conduct its direct examination for any adverse witness called by the Plaintiffs immediately following the Plaintiffs' cross-examination, and will not be required to re-call a witness. The direct examination shall not be limited to the scope of the cross-examination.

D. Witness Disclosure. Each side shall provide opposing counsel and the Court a list of witnesses the parties intend to present during each day of the hearing, including the order in which the witnesses will be presented, no later than 5:00 pm CDT five calendar days prior to each day of the evidentiary hearing. A list of all exhibits anticipated to be used on direct examination of the particular witness will be disclosed to opposing counsel by 9:00 pm CDT two calendar days prior to the hearing day when such witness is intended to be called. The parties will provide the Court with three binders for each day of the hearing, which shall include all direct examination exhibits pertaining to each witness that the parties include on the list of exhibits provided to opposing counsel. With prior notice and permission from the Court, witnesses may be called out of order in either parties' case where necessary to accommodate the schedule of the witness.

E. Deposition Designations. The parties shall simultaneously exchange deposition designations at 7:00 pm CDT on March 31. Objections and counter-designations shall be simultaneously exchanged at 7:00 pm CDT on April 8. Objections to counter-designations and counter-designations to counter-designations shall be simultaneously exchanged at 7:00 pm CDT on April 15. The Court shall set a hearing date after the close of the evidentiary hearing to resolve any objections that remain

following the parties meet and confer efforts. If a witness testifies live during the evidentiary hearing, deposition designations, and/or any declaration of that witness shall not be admitted into evidence.

1. [**Plaintiffs' Position**: Plaintiffs seek clarification from the Court on the Court's April 4, 2016 ruling regarding the admissibility of prior testimony from witnesses who testify live at the hearing. During the Court's April 5, 2016 final pre-hearing conference, the Court suggested that the rule only applied to the party who called the witness (*i.e.*, the party who called the witness would be barred from citing to previous testimony). *See* Apr. 5, 2016 Tr. at 82:15-18 ("I'm going to stick to the order, which is that if you call someone, then I want to hear all of the testimony, everything I'm going to hear from that person if you call them."). Plaintiffs respectfully request clarification from the Court on this ruling during the pre-hearing conference scheduled for April 8, 2016.]

2. [**Defendants' Position**: Defendants believe that the Court's prior order was clear with respect to live witnesses: "Except for impeachment, *no party* may use or cite to IH testimony, deposition testimony, affidavits, or declarations of any witness who testifies live." Apr. 4, 2016 Order (Dkt. 319) at 2. The Court's comment from the bench is not to the contrary. The Court's reference to hearing all of the testimony from a live witness simply responded to Plaintiffs' effort to amend the Court's prior order so as to allow prior testimony to be admitted if the live witness did not cover the topic live. *See* Apr. 5, 2016 Tr. at 79:11-17. In response to the Court's bench ruling on the

5

admissibility of video depositions, Defendants propose adding: "Pursuant to the Court's instruction at the April 5, 2016 Pre-Trial Hearing, use of depositions are not permitted except for witnesses who are unavailable pursuant to Federal Rule Evidence 804(a)." There is no difference in the rules between the admissibility of video depositions and deposition transcripts, therefore, no prior testimony should be admitted for any witness that is available to testify under Rule 804(a).]

F. <u>Motions in Limine</u>. Motions *In Limine* were fully briefed on April 1 and resolved by Court Order on April 4.

G. <u>Daubert Motions</u>. *Daubert* motions were fully briefed on April 4 and resolved by Court Order on April 6.

H. <u>Proposal for Use of Confidential and Highly Confidential Materials</u>. Pursuant to the Agreed Confidentiality Order [ECF 36] paragraph 11, if the parties plan to introduce into evidence at the hearing any document or transcript containing Confidential or Highly Confidential Information produced by another party or by a non-party, they shall provide advance notice to the other party or non-party. The following procedures will be used to protect Confidential or Highly Confidential Information: (1) By March 28, 2016, parties shall notify non-parties of any exhibits the parties intend to use at the hearing that contain material designated by those non-parties as Confidential or Highly Confidential Information. (2) By April 1, 2016, non-parties shall notify the Court via motion if they wish to seal all or any part of hearing exhibits that contain their Confidential or Highly Confidential Information and/or file redacted versions of the hearing exhibits that could be used publicly. Any such motion shall

inform the Court by exhibit number whether the restriction sought is "Complete Non-Disclosure" or "Partial Non-Disclosure" and the reasons for seeking such restriction. The motion shall include a copy, filed under seal, of the hearing exhibit(s) at issue. (3) Responses to the non-parties' motions shall be filed by 9:00 am CDT on April 4, 2016. (4) During the April 5, 2016 final pre-hearing conference, the Court will make rulings with respect to non-parties' motions. (5) "Complete Non-Disclosure" means that the restriction ordered by the Court applicable to the information shall be as follows: (a) all persons must leave the courtroom during any use of the information other than (i) those individuals designated in Paragraph 5(c) of the Agreed Confidentiality Order, (ii) any witness being examined with respect to such information and the witness's counsel, and (iii) the person or entity that produced the restricted information in this Action and their counsel; and (b) any examination relating to such information shall be sealed from the public record. (6) "Partial Non-Disclosure" means that the restriction ordered by the Court applicable to the information shall be as follows: (a) there shall be no display of documents or deposition testimony containing the restricted information to anyone except those listed in Section I(5)(a) above (i-iii); and (b) any examination relating to such information shall be sealed from the public record. If a non-party wishes to seek a separate order from the Court regarding the use of the document or transcript, the non-party shall file an appropriate motion with the Court by April 1, 2016. Except where such an order is granted, all documents and transcripts shall be part of the public record. To the extent the parties ask questions of non-party witnesses without the use of documents that may elicit Confidential or Highly Confidential Information,

the parties will use best efforts to ask these questions during portions of the hearing that pertain to the use of "Complete Non-Disclosure" documents.

I.   <u>Admission of Exhibits</u>.  Following the last day of the hearing, the parties will move for the admission of all exhibits into the record.

Dated April 7, 2016:                             Respectfully Submitted,

/s/  J. Thomas Greene
J. Thomas Greene, Esq.
Kevin Hahm, Esq.
Sean P. Pugh, Esq.
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3201
Facsimile:  (202) 326-2286
Email: tgreene2@ftc.gov
Email: khahm@ftc.gov
Email: spugh@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/  Robert W. Pratt
Robert W. Pratt, Esq.
Blake Harrop, Esq.
Office of the Attorney
State of Illinois
100 West Randolph Street
Chicago, IL 60601
Telephone: (312) 814-3000
Facsimile:  (312) 814-4209
Email: rpratt@atg.state.il.us
Email: bharrop@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

/s/  David E. Dahlquist
Dan K. Webb, Esp.
David E. Dahlquist, Esq.
Michael S. Pullos, Esq.

Winston & Strawn LLP
35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5660
Email: DWebb@winston.com
Email: Ddahlquist@winston.com
Email: MPullos@winston.com

*Counsel for Defendant NorthShore University
HealthSystem*

/s/  Robert W. McCann
Robert W. McCann, Esq.
Kenneth M. Vorrasi, Esq.
Drinker Biddle & Reath LLP
1500 K Street, NW
Washington, DC 20005
Telephone: (202) 842-8800
Email: Robert.McCann@dbr.com
Email: Kenneth.Vorrasi@dbr.com

/s/  John R. Robertson
John R. Robertson, Esq.
Leigh L. Oliver, Esq.
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20001
Telephone: (202) 637-5774
Email: robby.robertson@hoganlovells.com
Email: leigh.oliver@hoganlovells.com

*Counsel for Defendants Advocate Health Care
Network and Advocate Health and Hospitals
Corporation*

SO ORDERED:

_____

Jorge L. Alonso
United States District Court Judge

9