IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| FEDERAL TRADE COMMISSION<br><br>and<br><br>STATE OF ILLINOIS<br><br>     *Plaintiffs*,<br><br>v.<br><br>ADVOCATE HEALTH CARE NETWORK,<br><br>ADVOCATE HEALTH AND HOSPITALS CORPORATION,<br><br>and<br><br>NORTHSHORE UNIVERSITY HEALTHSYSTEM<br><br>     *Defendants*. | Case No. 15-cv-11473<br>Judge Jorge L. Alonso<br>Mag. Judge Jeffrey Cole |

## JOINT STIPULATION

Plaintiffs Federal Trade Commission ("FTC" or "Commission") and the State of Illinois (collectively with FTC, "Plaintiffs") have met and conferred with Defendants Advocate Health Care Network, Advocate Health and Hospitals Corporation, and NorthShore University HealthSystem (collectively, "Defendants"). The parties jointly submit the following Joint Stipulation.

  A. <u>Plaintiffs' Rebuttal Case</u>: Defendants concluded their case-in-chief on April 20, 2016. Plaintiffs will present their rebuttal case on May 6, 2016. Plaintiffs identified the witnesses they intend to call for purposes of rebuttal on May 1, 2016 and provided notice of exhibits.

B. <u>Post-Hearing Written Submissions</u>:

    a. [**Plaintiffs' Proposal**: The parties' post-hearing written submissions, including proposed findings of fact/conclusions of law and a brief, must be filed by May 13, 2016.]

        i. [**Plaintiffs' Position**: In accordance with the Court's April 20, 2016 Minute Order (ECF No. 425), Plaintiffs are prepared to file proposed findings of fact and conclusions of law and a post-hearing brief no later than May 13, 2016.]

    b. [**Defendants' Proposal**: The parties' post-hearing written submissions, including proposed findings of fact/conclusions of law and a brief, must be filed no later than seven (7) calendar days following the later of (a) the conclusion of Plaintiffs' rebuttal case or (b) the Court's final orders related to the admission of exhibits and testimonial evidence.]

        i. [**Defendants' Position**: Defendants position is that findings of fact should not be due until all objections as to exhibits and testimony are resolved and the universe of admissible evidence fully identified. Once the universe of admissible evidence is identified, the parties will need time to change their findings of fact to account for the Court's rulings. Defendants believe that seven days is an appropriate length of time for this process. Indeed, the parties considered a May 13 due date for findings of fact precisely because it was seven days after the parties anticipated the Court would resolve all remaining evidentiary issues. (The parties were still negotiating this issue when they made aware to

2

the Court May 13 would be the likely due date, but had not reached a conclusion as to whether to make May 13 a hard deadline or to use a seven-day deadline.) Defendants believe that May 13 should not be set in stone and should be flexible to provide the Court the time it needs to rule on evidentiary objections while, at the same time, providing the parties with sufficient time to incorporate the Court's rulings into their respective findings of fact.]

C. <u>Admission of Exhibits</u>: The parties have exchanged lists of all exhibits each party intends to move into the record and met-and-conferred on any objections to these exhibits not previously resolved by the Court. On May 3, 2016, the parties provided the Court with a joint submission that provides the legal and factual support for any remaining exhibit disputes. The parties will be prepared to present any unresolved objections on May 6, 2016. Per the parties' prior agreement, any exhibit not previously objected to is admitted into evidence. *See* ECF No. 339 at 1.

D. <u>Admission of Testimonial Evidence</u>: The parties have exchanged designations of deposition transcripts, investigational hearing transcripts, and declarations, and objections and counter-designations to those designations, pursuant to the Court's previous guidance on the admissibility of prior testimony. *See, e.g.*, ECF No. 186. The parties have subsequently met-and-conferred and reduced the number of unresolved objections to these designations. To the extent the parties were unable to resolve these objections, the parties provided the Court on May 3, 2016 with a joint submission that includes a chart listing the specific evidence on which a party seeks

to rely and the opposing party's specific objection and legal and factual support for it.

The parties will be prepared to present any unresolved objections on May 6, 2016.

Dated:  May 5, 2016                                   Respectfully Submitted,

/s/  J. Thomas Greene
J. Thomas Greene, Esq.
Kevin Hahm, Esq.
Sean P. Pugh, Esq.
Federal Trade Commission
Bureau of Competition
600 Pennsylvania Avenue, NW
Washington, DC 20580
Telephone: (202) 326-3201
Facsimile:  (202) 326-2286
Email: tgreene2@ftc.gov
Email: khahm@ftc.gov
Email: spugh@ftc.gov

*Counsel for Plaintiff Federal Trade Commission*

/s/  Robert W. Pratt
Robert W. Pratt, Esq.
Blake Harrop, Esq.
Office of the Attorney
State of Illinois
100 West Randolph Street
Chicago, IL 60601
Telephone: (312) 814-3000
Facsimile:  (312) 814-4209
Email: rpratt@atg.state.il.us
Email: bharrop@atg.state.il.us

*Counsel for Plaintiff State of Illinois*

/s/  David E. Dahlquist
Dan K. Webb, Esp.
David E. Dahlquist, Esq.
Michael S. Pullos, Esq.
Winston & Strawn LLP

35 W. Wacker Drive
Chicago, IL 60601
Telephone: (312) 558-5660
Email: DWebb@winston.com
Email: Ddahlquist@winston.com
Email: MPullos@winston.com

*Counsel for Defendant NorthShore University HealthSystem*

/s/  Robert W. McCann
Robert W. McCann, Esq.
Kenneth M. Vorrasi, Esq.
Drinker Biddle & Reath LLP
1500 K Street, NW
Washington, DC 20005
Telephone: (202) 842-8800
Email: Robert.McCann@dbr.com
Email: Kenneth.Vorrasi@dbr.com

/s/  John R. Robertson
John R. Robertson, Esq.
Leigh L. Oliver, Esq.
Hogan Lovells US LLP
555 13th Street, NW
Washington, DC 20001
Telephone: (202) 637-5774
Email: robby.robertson@hoganlovells.com
Email: leigh.oliver@hoganlovells.com

*Counsel for Defendants Advocate Health Care Network and Advocate Health and Hospitals Corporation*

SO ORDERED:

Jorge L. Alonso
United States District Court Judge